UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LING NAN ZHENG, *et al.*,

                        Plaintiffs,

-v-

LIBERTY APPAREL COMPANY, INC., *et al.*,

                        Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/09

No. 99 Civ. 9033 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On February 11, 2009, following a trial that lasted approximately three weeks, a jury returned a verdict finding partially in favor of Plaintiffs on their five causes of action. On February 23, 2009, both Plaintiffs and Defendants filed post-verdict motions. (Doc. Nos. 90, 93.) Defendants moved to set aside the jury's verdict under Rule 50, and, alternatively, for a new trial pursuant to Rule 59. Plaintiffs sought an award of liquidated damages on their first, second, third, and fifth causes of action.

At a conference held on May 14, 2009, the Court issued an oral ruling denying Defendants' motion, and granting Plaintiffs' motion for liquidated damages on their first and second causes of action.[1] Remaining to be resolved is Plaintiffs' motion for liquidated damages under New York law on their third and fifth causes of action. For the reasons set forth below, Plaintiffs' motion is granted.

---

[1] Because the Court granted Plaintiffs' motion for liquidated damages on their federal causes of action, Plaintiffs' alternative application for pre-judgment interest in connection with these claims is hereby denied as moot.

I. Applicable Law

"New York Labor Law provides separately for liquidated damages in overtime compensation claims, in addition to federal liquidated damages." *Do Yea Kim v. 167 Nail Plaza*, No. 05 Civ. 8560 (GBD), 2008 WL 2676598, at *3 (S.D.N.Y. July 7, 2008); *see also* N.Y. Lab. Law § 663(1). In contrast to federal liquidated damages under the Fair Labor Standards Act, which serve a compensatory function, "liquidated damages under the [New York] Labor Law 'constitute a penalty' to deter an employer's willful withholding of wages due." *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (quoting *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 116 (1st Dep't 1980)).

"A violation of the New York Labor Law is willful, warranting an award of 25% liquidated damages in addition to lost wages, where the employer 'knowingly, deliberately, [or] voluntarily' disregards its obligation to pay wages." *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (quoting *P & L Group, Inc. v. Garfinkel*, 541 N.Y.S.2d 535, 537 (2d Dep't 1989)) (alteration in original). "The burden of proof rests on the employee to make an affirmative showing that the employer's conduct was willful." *Do Yea Kim*, 2008 WL 2676598, at *3. "No finding of malice or bad faith, however, is necessary." *Ayres*, 12 F. Supp. 2d at 309.

II. Analysis

Based on the jury's finding that Defendants willfully violated New York's overtime compensation laws and § 345-a, Plaintiffs seek liquidated damages under New York law on their third and fifth causes of action.

With respect to their third cause of action, the jury found that Defendants Liberty Apparel Company Inc. ("Liberty") and Albert Nigri willfully violated New York's overtime compensation laws. *See* N.Y. Code Comp. Codes R. & Regs. tit. 12, § 142-2.2. In their

opposition to Plaintiffs' motion for liquidated damages on this claim, Defendants simply incorporate by reference the arguments raised in their post-verdict motion to set aside the jury's verdict. (Def.'s Opp'n at 3.) As the Court stated in its May 14, 2009 oral ruling denying Defendants' motion, these arguments are not persuasive. Specifically, the Court finds that there was sufficient evidence in the record to support the jury's conclusion that Liberty and Nigri willfully violated New York's overtime laws. Among other things, there was testimony that representatives of Liberty supervised Plaintiffs' work, and that on several occasions Nigri met with subcontractor Steven Yam in the factory at which Plaintiffs worked. (*See, e.g.*, Tr. 175:1-176:3, 296:24-297:1, 299:17-20, 663:3.) As the Court stated in its oral ruling, the jury was also entitled to consider the evidence that was relevant to the "joint employer" inquiry in connection with the resolution of this issue as well. A jury thus could infer from this evidence that Nigri and Liberty were aware of the terms and conditions of Plaintiffs' employment, including that Plaintiffs regularly worked more than forty hours per week. Based on this evidence, it was not unreasonable for the jury to conclude that Nigri and Liberty voluntarily disregarded their obligation to pay overtime wages and therefore "willfully" violated New York's overtime laws. Accordingly, Plaintiffs' motion for liquidated damages on their third cause of action is granted.

Plaintiffs also seek liquidated damages on their fifth cause of action, which was brought under § 345-a of New York's labor laws. In their opposition papers, Defendants argue that granting Plaintiffs' motion "would effectively be rewriting New York Labor Law" because, in their view, liquidated damages are not available to private litigants in connection with claims brought under this statute. (Defs.' Opp'n at 3.) Simply put, Defendants overstate their case, and they have provided no authority suggesting that liquidated damages should not be available for Plaintiffs' claims under § 345-a.

3

Section 663(1) provides for a private cause of action by an employee for violations of New York's minimum wage and overtime laws:

> If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees as may be allowed by the court, and if such underpayment was willful, an additional amount as liquidated damages equal to twenty-five percent of the total of such underpayments found to be due him . . . .

N.Y. Lab. Law § 663(1). Defendants isolate the phrase "under the provisions of this article," and point out that § 663(1) is located in Article 19 of the Labor Law. They assert that, because § 345-a is located in Article 12-A rather than Article 19, Plaintiffs' fifth cause of action is not brought "under the provisions of this article," N.Y. Lab. Law § 663(1). Therefore, Defendants argue, liquidated damages are not available for claims based on § 345-a. (*See* Defs.' Opp'n at 2-3.)

However, Defendants read this portion of § 663(1) too narrowly. As relevant here, the provision provides for a private cause of action by an employee to recover "the wage[s] to which he is entitled under the provisions" of Article 19. N.Y. Lab. Law § 663(1). Section 663(1) is silent as to the class of potential defendants in such an action. Rather, it sets forth a series of wage-related entitlements that, if denied to an employee, can give rise to a private cause of action. Similarly, the liquidated damages language in § 663(1) describes the relief that the aggrieved employee is entitled to, without stating from whom the compensation may be collected: "[I]f such underpayment was willful," then the employee "may recover in a civil action . . . an additional amount as liquidated damages equal to twenty-five percent of the total of such underpayments found to be due [the employee] . . . ." *Id.* Thus, with respect to both compensatory and liquidated damages, § 663(1) states that an employee "may recover" the

4

wages to which he or she is entitled, but it leaves open the question of *from whom* that recovery may be sought.

By enacting § 345-a, the New York legislature expressly stated that, under some circumstances, a manufacturer "shall be liable" for a "contractor's failure to comply with article six or nineteen" of the New York labor laws. Contrary to Defendants' argument, there is nothing in the language of the statute to suggest that manufacturers were intended to face less than the full range of damages available to employees under Article 19.[2] Therefore, since Defendants did not object to the Court's instruction regarding § 345-a and the meaning of wilfulness, and since the jury found not only that Defendants had wilfully violated § 345-a, but also that Plaintiffs had not received the minimum wage and overtime compensation to which they were entitled under Article 19 of the Labor Law, the Court concludes that Defendants "shall be liable" under § 345-a to the extent provided for in § 663(1), which includes liquidated damages. Accordingly, Plaintiffs' motion for liquidated damages on their fifth cause of action is granted.

### III. Conclusion

For the reasons set forth above, the remainder of Plaintiffs' post-verdict motion is granted. Accordingly, in addition to federal liquidated damages pursuant to 29 U.S.C. § 216(b) on their first and second causes of action, Plaintiffs are entitled to an award of liquidated damages under New York law on their third and fifth causes of action, in an amount of 25% of the compensatory damages awarded to them on those claims.

---

[2] On at least two separate occasions — by Orders dated January 14 and April 2, 2009 (Doc. Nos. 82, 107) — the Court ruled that Defendants waived the argument that § 345-a does not provide for a private cause of action. However, the Court notes that the construction of sections 345-a and 663(1) described in this Order is consistent with the availability of a civil lawsuit as a permissible means of enforcing the liability provided for in § 345-a.

5

The parties are HEREBY ORDERED to jointly submit a proposed judgment by June 18, 2009, which shall be consistent with the jury's verdict and the Court's rulings on Plaintiffs' post-verdict motions. If the parties are unable to reach an agreement as to the appropriate amount of attorneys fees and costs to which Plaintiffs' are entitled, the parties shall submit a joint letter to the Court describing their respective positions on these issues.

SO ORDERED.

Dated:   May 18, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE